# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-803V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| FREDRIC C. THOMPSON, | \* | Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed: February 14, 2018 |
| | \* | |
| v. | \* | Decision; Attorney's Fees and Costs. |
| | \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Randall Elbert Smith*, Smith, Elliott, Smith, and Garmey, Saco, ME, for Petitioner.

*Camille Michelle Collett*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On July 6, 2016, Frederic Thompson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from Guillain-Barré syndrome/Chronic Inflammatory Demyelinating Polyneuropathy, as a result of his September 23, 2014, influenza vaccine. *See* Petition at 1 (ECF No. 1). However, on January 8, 2018, the parties agreed that case could be settled and filed a stipulation for damages (ECF No. 24). I issued a Decision adopting that stipulation on January 9, 2018 (ECF No. 26).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated January 26, 2018. *See* Motion for Attorney's Fees, dated Jan. 26, 2018 (ECF No. 30) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $23,273.86 (representing $22,638.00 in attorney's fees, plus $635.86 in costs). *Id.* at 9. In accordance with General Order No. 9, Petitioner represents that he did not incur any personal expenses in the matter. *Id.* at 12. Respondent filed a document reacting to the fees request on February 2, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 31 at 2-3.

Here, Petitioner requests $325 per hour for Mr. Randall Smith[3] for work performed in 2015-2017. Fees App. at 5-8. Petitioner also requests rates of $100 per hour for worked performed by paralegals. *Id.* These requested rates are within the appropriate hourly rate ranges established for attorneys with comparable experience and will therefore be awarded. *See e.g., McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The hours expended on this matter also appear to be reasonable, and Respondent did not identify any entries as objectionable. The requested litigation costs also appear to be reasonable, and will be awarded.

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$23,273.86** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Randall Elbert Smith, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

---

[3] Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Randall Smith, Esq., who practices in Saco, ME. Petitioner purports that counsel should be paid the hourly rate for a comparably-experienced attorney based upon the prevailing rate in counsel's area. The proposed rate is lower than the in-forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) for an attorney of Mr. Smith's experience. Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances, I do not reach the question of whether Mr. Smith is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this decision therefore does not constitute such a determination.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master
